# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LINDA RICKETT,

       Plaintiff,                :              Case No. 3:11-cv-370

                                          District Judge Walter Herbert Rice
    -vs-                                 Magistrate Judge Michael R. Merz
                                :

CITY OF FAIRBORN, OHIO, et al.,

       Defendants.

# REPORT AND RECOMMENDATIONS; ORDER GRANTING LEAVE TO AMEND

This case is before the Court on Defendant James Sawyer's Motion for Judgment on the Pleadings (Doc. No. 11). Plaintiff has filed a Response in opposition (Doc. No. 12) and Defendant Sawyer has filed a Reply to that Response (Doc. No. 13).

### Standard for Decision of Motions for Judgment on the Pleadings

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ.

1

P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d

433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

*Twombly* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ( 2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 550 U.S. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. 662, 678 (2009); *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009). Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

## Application of the Standard to this Case

Plaintiff's Complaint contains four counts. Count I is for gender discrimination and purports to arise under 42 U.S.C. § 2000e-2; it is made against the City of Fairborn alone. Count II for gender discrimination purports to arise under Ohio Revised Code § 4112.02 and is made against both Defendants. There are two Count III's in the Complaint. The first is under 42 U.S.C. § 2000e-3 against the City alone for retaliation; the second is under Ohio Revised Code § 4112.02 for retaliation against both Defendants. The Court assumes it was a typographical error to label the last count as a second Count III and will refer to it hereafter as Count IV.

Only Counts II and IV are at issue in the instant Motion. Since both of them arise under Ohio law, the Court is bound to apply Ohio substantive law in determining whether the complaint states a claim for relief against Defendant Sawyer. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.; In re Akron-Cleveland Auto Rental, Inc.,* 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co.*, 770 F.2d 601 (6th Cir. 1985); *Angelotta v. American Broadcasting Corp.,* 820 F.2d 806 (1987). This rule applies regardless of whether the appellate court decision is published or unpublished. *See Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir.2000); *Puckett,* 889 F.2d at 1485. *Ziegler v. IBP Hog Market*, 249 F.3d 509,

517 (6th Cir. 2001).

Defendant Sawyer claims absolute immunity from liability under Ohio Revised Code § 2744.03(A)(6) as a political subdivision employee. He asserts that "there is absolutely no set of facts that Plaintiff could prove, in the face of R.C. § 2744.03(A)(6), that would entitle her to judgment against Sawyer in this case." (Motion, Doc. No. 11, PageID 50). Ohio Revised Code § 2744.03(A)(6) provides:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> * * *
>
> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
>     (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
>     (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
>     (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

Plaintiff responds by asserting she has pled sufficient facts to come within the latter two exceptions to immunity, Ohio Revised Code § 2744.03(A)(6)(b)( the "Malice Exception") and

(c)(the "Express Imposition Exception" (Memo in Opp., Doc. No. 12, PageID 67). Plaintiff makes no claim that Mr. Sawyer's actions toward her were outside the scope of his employment, disclaiming any reliance on the exception in Ohio Revised Code § 2744.03(A)(6)(a).

The Magistrate Judge concludes the Complaint pleads sufficient facts to come within the malice exception or can be appropriately amended to satisfy the Ohio case law. The analysis supporting this conclusion follows. In the interest of judicial economy, no separate analysis of the Express Imposition Exception is offered.

**The Malice Exception**

A Fed. R. Civ. P. 12(b)(6) or 12(c) motion challenges the legal sufficiency of the Complaint. "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990). *Twombly* and *Iqbal*, while eschewing any return to face pleading, emphasized that more than legal conclusions must be pled. This is consistent with prior law which required trial courts to accept the truth of well-pled facts, but not of conclusions.

Defendant Sawyer complains that Ms. Rickett has not pled the conclusions required to bring her case within the malice exception. He correctly notes that nowhere in the Complaint has Ms. Rickett used the words "with malicious purpose, in bad faith, or in a wanton or reckless manner" to characterize Sawyer's behavior toward her (Motion, Doc. No. 11, PageID 55).

None of the cases relied on by Defendant Sawyer are directly in point. That is none of them hold that a case against a political subdivision employee which pleads historical facts embodying intentional acts by a defendant has been found insufficient because the conclusions malice, bad

6

faith, or wanton or reckless behavior were omitted.

In *Wells v. City of Dayton,* 495 F. Supp. 2d 797 (S.D. Ohio 2006), for example, Judge Rice granted summary judgment on a § 2744.03(A)(6)(b) defense because of insufficient **evidence**, not insufficient **pleading**. Conversely, in *Alexander v. Lawrence Cty. Bd. of Developmental Disabilities*, Case No. 1:10-cv-697, 2012 WL 831769 (S.D. Ohio Mar. 12, 2012), Judge Black found a complaint sufficient where it alleged that certain enumerated actions of the individual defendants were done, coupled with the assertion that they were done "maliciously, wantonly, recklessly, or in bad faith." He was not presented with a case where there were facts alone or conclusions alone.

Defendant Sawyer essentially asserts that those conclusions must appear in the complaint along with pleading of acts to which a jury could reasonably apply one or more of those characterizations (Motion, Doc. No. 11, PageID 55). He cites *Fahnbulleh v. Strahan*, 73 Ohio St. 3d 666 (1995). That case involved a negligent left turn by an emergency vehicle and the plaintiff pled only "ordinary negligence." The Ohio Supreme Court upheld the conclusion of the Tenth District Court of Appeals that this was not sufficient to take the claim outside the immunity protection provided by statute for the driver of the emergency vehicle. In *Elston v. Howland Local Schools,* 113 Ohio St. 3d 314 (2007), also cited by Sawyer, no claims were made against the individual governmental employee; the court upheld subdivision immunity under Ohio Revised Code § 2744.03(A)(5) because there were no allegations in the complaint that the employee had acted with a malicious purpose, in bad faith, or in a wanton and reckless manner. *Id*. at 314-315. However, it is clear from the report of the case that only negligent acts were pled. Finally, in *Ohio Bell Tel. Co. v. DiGioia-Suburban Excavating Co.,* LLC, 2008 Ohio 1409, 2008 Ohio App. LEXIS 1246 (Ohio App. 8th Dist. Mar. 27, 2008), the court found the plaintiff had alleged only negligence and there was therefore "no issue of fact as to whether the city acted in bad faith or with

wantonness or recklessness." *Id.* at ¶ 39.

The Complaint in this case alleges intentional behavior by Mr. Sawyer, designed to injure Plaintiff in her employment, coupled with allegations of stereotypical comments about women which are sufficient, if proved, to provide direct evidence of gender-based animus. See *Talley v. Bravo Pitino Restaurant Ltd.*, 61 F.3d 1241 (6th Cir. 1995), *citing Terbovitz v. Fiscal Court*, 825 F.2d 111, 114-15 (6th Cir., 1987). Complaints do not include evidence, but rather factual allegations of what the evidence will be at trial or on summary judgment. If the Plaintiff presented evidence of the acts she claims Mr. Sawyer has done, it is not implausible that a jury would find that those acts were done with a malicious purpose, in bad faith, or in a wanton or reckless manner. In other words, Plaintiff has pled plausible facts which would support sufficient inferences, even though she has not pled the characterizations of those acts which would be required in a jury verdict.

Defendant Sawyer seeks a dismissal with prejudice. In contrast, Plaintiff has requested, as an alternative to dismissal, that she be permitted to amend to add the characterizations which Defendant Sawyer believes are needed. When a district court denies a motion to amend after granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Sixth Circuit will review both the complaint and the proposed amended complaint for purposes of construing the facts. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). Given this rule, it is unusual for this Court to grant a motion to dismiss without considering an accompanying request to amend.

Because Plaintiff has pled sufficient facts to satisfy the *Twombly-Iqbal* standard on the malice exception, she should not suffer a dismissal with prejudice because she has omitted the conclusions about Defendant Sawyer's intent which she would be entitled to prove from the facts she has pled. To put it the other way around, if Plaintiff had pled only the conclusory language

that Defendant Sawyer acted toward her maliciously, in bad faith, wantonly, or recklessly, Defendant Sawyer's position under *Twombly* and *Iqbal* would be well taken. Given that she has pled historical facts rather than conclusions, she should be permitted to amend to add the conclusions to the extent they are necessary.

Accordingly, Plaintiff is granted leave to file an amended complaint not later than July 10, 2012. In light of that permission, Defendant Sawyer's Motion for Judgment on the Pleadings should be denied as moot.

June 29, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).